# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JESSE E. MOODY, JR.,**
**D.O.C. # X02438,**

    **Plaintiff,**

vs.                                                                   Case No. 4:20cv366-AW-MAF

**CHRISTOPHER EDELEN, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

After this case was transferred to the Tallahassee Division of the Northern District of Florida, *see* ECF Nos. 4-6, an Order was entered that granted the pro se Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 2. ECF No. 7. Based on Plaintiff's inmate account statement, he was assessed an initial partial filing fee of $1.30 which was required to be paid by **September 7, 2020**. *Id.* As of this date, payment has not been made nor has Plaintiff requested additional time in which to comply. Importantly, the prior Order advised that if Plaintiff lacked sufficient funds with which to pay the assessed initial partial filing fee,

Plaintiff must submit a *current* Trust Fund Account Statement demonstrating how funds have been depleted and a motion requesting permission to proceed without payment of the assessed fee. *Id.* No response to that Order has been received and it appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

Case No. 4:20cv366-AW-MAF

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2020.


 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**